UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HASHONA CLARK,

        Petitioner,

v.

MICHELLE RICCI, et al.,

        Respondents.

Civ. No. 08-3347 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. Petitioner is proceeding *pro se* and previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the petition as time-barred on August 27, 2009. (*See* Dkt. Nos. 14 & 15.) Presently pending before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and a motion for stay and abeyance. The Clerk will be ordered to reopen this matter so that the Court can rule on these motions. For the following reasons, Petitioner's motion for relief from judgment and his motion for stay and abeyance will be denied.

### II. BACKGROUND

The Court previously laid out the procedural history of this case in the August 27, 2009 Opinion; specifically:

> Tried to a jury, Petitioner was found guilty of conspiracy to commit armed robbery, N.J.S.A. 2C:5-2; N.J.S.A. 2C:15-1, armed robbery, N.J.S.A. 2C:15-1, felony murder, N.J.S.A. 2C:11-3a(3), purposeful or knowing murder, N.J.S.A. 2C:11-3a(1) and (2), possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-

1

4a, possession of a handgun without a permit, N.J.S.A. 2C:39-5b, and tampering with physical evidence, N.J.S.A. 2C:28-6(1).

The trial court sentenced Petitioner to life imprisonment, with a 30-year parole disqualifier, and a consecutive 18-month term. The judgment of conviction was entered on February 22, 1991.

The Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence in an unpublished opinion on March 11, 1994. The Supreme Court of New Jersey denied certification of May 26, 1994. *State v. Clark*, 137 N.J. 166 (1994).

On December 20, 1995, Petitioner filed, in the trial court, a petition for post-conviction relief ("PCR"). The only issue raised in Petitioner's pro se petition was a claim of "Ineffective Counsel" without further elaboration. No further brief was filed by Petitioner's PCR counsel. At the hearing, Petitioner's PCR counsel represented to the trial court that Petitioner was satisfied with trial counsel's performance and that he was only seeking a reduction in sentence. The trial court denied relief on April 28, 1997. Petitioner filed a notice of appeal more than two years later, on June 21, 1999. However, the appeal was withdrawn and ultimately dismissed on October 1, 1999. Again, more than two years later, on May 20, 2002, Petitioner moved in the Appellate Division to reinstate the PCR appeal. On June 17, 2002, the Appellate Division reinstated the PCR appeal. Petitioner then moved for a summary disposition, contending that his first PCR counsel had not provided effective assistance, and requested an opportunity to file a new petition for post-conviction relief. On February 24, 2003, the Appellate Division granted the requested summary disposition.

On May 15, 2003, Petitioner filed a new PCR petition. Petitioner asserted that he had been deprived of effective assistance of trial counsel. Following a hearing, the trial court denied relief on November 12, 2003. On October 3, 2005, the Appellate Division affirmed the denial of relief, in part, and remanded for an evidentiary hearing on certain claims. The State's petition for certification was denied on January 17, 2006. At the evidentiary hearing, Petitioner abandoned certain issues, leaving only the issue of counsel's failure to call certain eyewitnesses and counsel's failure to seek credibility instructions regarding Petitioner's statements and the testimony of his accomplices. The trial court again denied relief on August 31, 2006. The Appellate Division affirmed on December 21, 2007. *State v. Clark*, 2007 WL

4460622 (N.J. Super. App. Div. Dec. 12, 2007). The Supreme
Court denied certification on May 6, 2008.

(Dkt. No. 14 at p. 5-8.)

Petitioner filed his federal habeas petition on June 6, 2008. The Court determined that Petitioner's conviction became final on August 24, 1994, or ninety days after the Supreme Court of New Jersey denied certification on Petitioner's direct appeal. Petitioner's first PCR petition was pending on the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996). The Superior Court denied relief on April 28, 1997. Therefore, this Court held that Petitioner's federal limitations period began to run forty-five days later as Petitioner was required to file a notice of appeal within forty-five days after entry of judgment in the Superior Court. (*See* Dkt. No. 14 at p. 17.)

Petitioner filed a late notice of appeal on June 21, 1999. The Court ultimately determined that there was no application for state PCR pending until June 21, 1999 (more than one-year after the federal limitations expired), nor was there one pending between October 1, 1999 and May 20, 2002. The Court concluded that "a state court's decision to allow an out-of-time appeal from the denial of *post-conviction relief* does not retroactively render a state post-conviction relief proceeding 'pending' for purposes of [28 U.S.C.] § 2244(d)(2)."[1] (Dkt. No. 14 at p. 21-22.) Furthermore, the Court determined that Petitioner failed to establish any grounds for equitable tolling. Therefore, the federal habeas petition was denied as time-barred on August 27, 2009.

On August 25, 2010, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) that was denied on March 11, 2011. On August 18,

---

[1] Section 2244(d)(2) states that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

3

2011, the United States Court of Appeals for the Third Circuit denied a certificate of appealability.

On January 18, 2013, Petitioner filed the instant motion for relief from judgment. Subsequently, Petitioner has also filed a motion for a stay and abeyance.

### III. DISCUSSION

A. <u>Rule 60(b) Motion</u>

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly

4

discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken." *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

With respect to some of the individual provisions of Rule 60(b), "[r]ule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing that changed circumstances exist. *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner does not indicate which provision of Rule 60(b) he is relying on in his motion. Nevertheless, for purposes of this Opinion, the Court will assume, without deciding, that petitioner filed his Rule 60(b) motion within a "reasonable time."

Petitioner claims that he is entitled to relief from the previous judgment based on the United States Supreme Court decision in *Martinez v. Ryan*, - U.S. -, 132 S. Ct. 1309 (2012). Petitioner states that *Martinez* was decided after his habeas petition was dismissed as time-barred and creates an "extraordinary circumstance" to grant his motion for relief. For the following reasons, *Martinez* does not entitled Petitioner to Rule 60(b) relief.

In *Martinez*, the Supreme Court addressed the question of "whether ineffective assistance [of counsel] in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Id.* at 1315. In answering that question, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

In his motion, Petitioner claims that his PCR counsel was ineffective because he "did not consult with [him] at all, did not investigate [his] claim of ineffective-assistance-of-trial-counsel, and did not file an amended petition for PCR or submit a certification from [petitioner], or any witnesses." (Dkt. No. 28 at p. 5.) Therefore, according to Petitioner, he has satisfied the "cause" and "prejudice" to overcome the procedural default as in *Martinez*.

The problem with Petitioner's argument is that this Court did not find that his claims were procedurally defaulted. Instead, this Court determined that the federal habeas petition was time-barred under the applicable AEDPA statute of limitations. The Supreme Court in *Martinez* did not address whether ineffective assistance of post-conviction relief counsel applies to equitably toll the one-year statute of limitations in § 2244(d). *See Pitts v. Kerestes*, No. 12-2661, 2013 WL 4718950, at *4 (E.D. Pa. Sept. 3, 2013) ("By its own terms, the narrow rule of *Martinez* applies only to excuse procedural default. It makes no mention of providing a basis for equitable tolling.") (internal citation omitted); *Silfies v. Walsh*, No. 02-1777, 2013 WL 3049096, at *3 (M.D. Pa. June 17, 2013) ("*Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute

6

of limitations for filing a federal habeas corpus petition.") (citations omitted); *Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *6 (E.D. Pa. Feb. 13, 2013) ("The Supreme Court does not state in *Martinez* that a blanket allegation of ineffectiveness of PCRA counsel can constitute a basis for equitable tolling of the habeas statute of limitations. The *Martinez* decision did not allow for equitable tolling of the AEDPA deadlines.") (citations omitted), *report and recommendation adopted by*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Terry v. Cathel*, No. 12-5263, 2012 WL 4504590, at *4 (D.N.J. Sept. 27, 2012) ("No aspect of the *Martinez* decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition."); *see also Scaife v. Falk*, No. 12-2530, 2013 WL 1444236, at *5 (D. Colo. Apr. 9, 2013) ("[A]lthough *Martinez* might be relevant if Mr. Scaife were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martinez* demonstrates the existence of any extraordinary circumstances to justify equitable tolling of the one-year limitation period.").

Petitioner's allegation that the United States Supreme Court decision in *Martinez* creates the extraordinary circumstance to warrant granting his motion for relief from judgment lacks merit. *Accord Pitts*, 2013 WL 4718950, at *4 ("Petitioner's problem herein is untimeliness not procedural default, hence, *Martinez* does not apply.") (citing *O'Connor v. Bickell*, No. 12-6184, 2013 WL 2284893, at *4 (E.D. Pa. may 23, 2013)); *Silfies*, 2013 WL 3049096, at *3 (finding that *Martinez* does not support a finding of extraordinary circumstances to warrant equitable tolling); *Saunders*, 2013 WL 943351, at *6 ("*Martinez* does not excuse [p]etitioner's failure to seek federal review of his claims in a timely fashion."); *Scaife*, 2013 WL 1444236, at *5 ("Although Mr. Scaife appears to argue that equitable tolling is appropriate under *Martinez*, he fails to explain how *Martinez* allows for equitable tolling or is applicable to any ineffective

7

assistance of post-conviction counsel he may be attempting to allege. Therefore, the Court finds that Mr. Scaife fails to allege facts that demonstrate equitable tolling of the one-year limitation period is appropriate in this action."). Accordingly, Petitioner's motion for relief from judgment pursuant to Rule 60(b) will be denied.

   B. Motion for Stay and Abeyance

Petitioner has also filed a motion for a stay and abeyance. He states that he has other constitutional claims that must be addressed in state court. However, as the Court previously denied Petitioner's federal habeas petition as time-barred, and will be denying his motion for relief from that judgment for the reasons stated above, his motion for stay and abeyance will also be denied.

## IV. CERTIFICATE OF APPEALABILITY

To appeal an order disposing of petitioner's Rule 60(b) motion, a certificate of appealability must issue. *See Hickman v. Cameron*, No. 13-1917, 2013 WL 3802394, at *1 (3d Cir. July 23, 2013) (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); 28 U.S.C. § 2253(c)(2)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment and his motion for stay and abeyance will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED:   October 28, 2013

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge